IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00491-KDB-DCK

| | |
|---|---|
| CHARLES MELVIN, | |
| Plaintiff, | |
| v. | ORDER |
| CENTRAL PIEDMONT COMMUNITY COLLEGE, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 3). In Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. No. 8), Plaintiff seeks leave[1] from the Court to amend his Complaint to remove the second and third causes of action and to add a claim for a violation of Title IX, 20 U.S.C. § 1681(a). The Court has carefully considered this motion and the parties' briefs. For the reasons discussed below, the Court will **GRANT** Plaintiff leave to amend his Complaint and **DENY** Defendant's Motion to Dismiss as moot.

I.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). This is a liberal standard, and the Rule provides that "[t]he court should freely give leave when justice so requires." *Id.*; *Cook v. Howard*,

---

[1] Rather than elevate form over substance, the Court will consider Plaintiff's request (to which Defendant has had an opportunity to respond) as a motion to amend the Complaint without requiring a separate motion.

1

484 F. App'x 805, 814 (4th Cir. 2012) ("Rule 15(a)(2) articulates a relatively liberal amendment policy . . . ."); *Wall v. Fruehauf Trailer Servs., Inc.*, 123 F. App'x 572, 576 (4th Cir. 2005) (noting that "leave to amend is a liberal standard"). Nevertheless, the "grant or denial of an opportunity to amend is within the discretion of the District Court". *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (quoting *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 121 (4th Cir. 2013)).

A district court may deny a party leave to amend when "(1) 'the amendment would be prejudicial to the opposing party;' (2) 'there has been bad faith on the part of the moving party;' or (3) 'the amendment would have been futile.'" *Id.* An amendment is considered futile when it is "clearly insufficient or frivolous on its face." *Miller v. Maryland Dep't of Nat. Res.*, 813 F. App'x 869, 880 (4th Cir. 2020) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). In other words, an amendment to a complaint is futile if it would not survive a Rule 12(b)(6) motion to dismiss. *Id.*; *see U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Thus, the plaintiff's amended complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## II.  FACTS AND PROCEDURAL HISTORY

Charles Melvin, an African American male, was enrolled as a cadet in Central Piedmont Community College's ("CPCC") Basic Law Enforcement Training Program ("the Program") for the Fall 2020 and Spring 2021 semesters. Doc. No. 1-1 at ¶ 2, 9. The Program provides college credit and certification for students interested in becoming a law enforcement officer in North Carolina. *Id.* at ¶ 3. Melvin alleges that while enrolled in the Program, he was subjected to racial,

sexual, and homophobic commentary from his peer cadets during encounters that became increasingly combative. *Id.* at ¶¶ 19, 21. Melvin further alleges that he complained of this inappropriate behavior to his superiors in the Program, but no action was ever taken. Doc. No. 8-1 at ¶ 21.

During the Spring 2021 semester, a female cadet filed a complaint against Melvin, alleging that Melvin had engaged in conduct of a sexual nature that made her feel "uncomfortable." *Id.* at ¶ 23. CPCC held a Student Code of Conduct hearing to investigate the complaint against Melvin. Doc. No. 1-1 at ¶ 20. At the hearing held in March 2021, Melvin was found to have engaged in Indecent Conduct and Harassment in violation of CPCC's Student Code of Conduct. He was notified by letter on April 5, 2021, that he would be suspended from CPCC for a two-year period beginning that same day. *Id.* at ¶¶ 20, 21. The letter included a link directing Melvin to go to CPCC's Student Code of Conduct website "[f]or additional information." *Id.* at ¶ 5, Doc. 1-1 at 16. Melvin alleges that the letter failed to provide notice of his right to appeal the suspension. *Id.*

On April 4, 2024, Melvin filed this action in Mecklenburg County Superior Court, and Defendant timely removed the case to this Court on May 21, 2024. Plaintiff's Complaint (Doc. No. 1-1) alleges violations of the Fourteenth Amendment and 42 U.S.C. § 1983, as well as a claim for negligent infliction of emotional distress against CPCC. Defendant timely filed a Motion to Dismiss Plaintiff's Complaint (Doc. No. 3) on May 28, 2024. As the time period for Plaintiff to amend his Complaint as a matter of course has expired (*see* Fed. R. Civ. P. 15(a)(1)), Plaintiff now seeks leave from the Court in his Response in Opposition to Defendant's Motion to Dismiss (Doc. No. 8) to amend his Complaint to allege only violations of his Fourteenth Amendment Due Process rights and Title IX, 20 U.S.C. § 1681(a).

### III. DISCUSSION

For the reasons discussed below, the Court will permit Plaintiff to file an Amended Complaint to add a claim under Title IX, 20 U.S.C. § 1681(a). Defendant opposes the amendment, arguing that it would be futile. The Court disagrees. Moreover, the Federal Rules of Civil Procedure establish a liberal standard for the Court to permit amendments "freely… when justice so requires," which further weighs in favor of allowing this amendment. Fed. R. Civ. P. 15(a)(2).

While the Court expresses no opinion on its ultimate merits, construing the facts pled in Plaintiff's Proposed Amended Complaint (Doc. No. 8-1) in the light most favorable to Plaintiff, his Title IX claim is not clearly futile. Title IX states:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal Financial assistance.

20 U.S.C. § 1681(a). There is no doubt that Plaintiff was "excluded from participation in [or] denied the benefits of . . . [an] education program" when CPCC suspended him. *Id.* Therefore, whether Plaintiff has arguably stated a Title IX claim turns on if Plaintiff has plausibly stated that CPCC discriminated against him "on the basis of sex." *Id.*

Plaintiff alleges that CPCC investigated and began disciplinary proceedings against him based on a complaint made by a female cadet but failed to investigate similar complaints made by Plaintiff about other cadets. Doc. No. 8-1 at ¶¶ 53, 55. Plaintiff states that he is pursuing a "selective enforcement" theory of Title IX because he was allegedly treated less favorably than a similarly situated student on the basis of his gender. *Id.* at ¶ 55; *see Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 236 (4th Cir. 2021) ("[E]rroneous outcome and selective enforcement theories . . . with sufficient facts, may suffice to state a plausible claim."). Plaintiff's allegations, while admittedly lacking in specificity, could state a claim under Title IX that does not appear "frivolous on its face." *Miller*, 813 F. App'x at 880 (quoting *Johnson*, 785 F.2d at 509). In other

4

words, considering the liberal pleading standard established in *Iqbal*, the Court finds that the facts alleged in Plaintiff's Proposed Amended Complaint could allow "the court to draw a reasonable inference" that CPCC's decision to act upon a female cadet's complaint of misconduct but ignore similar complaints made by Plaintiff was influenced by gender.[2] *Ashcroft,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, the Court will grant Plaintiff leave to amend his Complaint to include a claim under Title IX, 20 U.S.C. § 1681(a) and to remove his claim under 42 U.S.C. § 1983 and claim for negligent infliction of emotional distress. Plaintiff must file his Amended Complaint within 14 days.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's request for leave to amend his Complaint is **GRANTED** and Plaintiff is permitted to file an Amended Complaint within 14 days of the date of this Order**;**

2. Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 3) is **DENIED as moot;**

3. This case shall **proceed toward trial on the merits on the remaining claims** in the absence of a voluntary resolution of the dispute among the parties.

---

[2] Again, the Court expresses no opinion on the merits of Plaintiff's claims. However, the Court notes that any Amended Complaint must satisfy the heightened "but-for" causation required for sufficiently stating a Title IX claim. *See Sheppard*, 993 F.3d at 236 (holding that the statutory language, "on the basis of sex," requires a "but-for" causal link "between the student's sex and the university's challenged disciplinary proceeding."); *Kashdan v. George Mason Univ.*, 70 F.4th 694, 701 (4th Cir. 2023) ("To state a selective-enforcement claim, a plaintiff must plausibly allege that regardless of his guilt or innocence, his gender was a but-for cause of the . . . decision to initiate the challenged disciplinary proceeding in the first place.").

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 26, 2024

Kenneth D. Bell
United States District Judge